## Case No. 11,514.

In re QUINIKE.

[2 Biss. 354.][1]

District Court, N. D. Illinois. Aug., 1870.

BANKRUPTCY—DISCHARGE—FINAL OATH—DEATH OF BANKRUPT.

The 12th section of the bankrupt act [of 1867 (14 Stat. 522)] does not authorize the granting of a discharge where the bankrupt, dying during the proceedings, has not taken the final oath prescribed by the 29th section.

Emil Quinike filed his petition in bankruptcy in this court in March, 1868. Warrants were issued and the proceedings were all regular up to July, 1868, when he died. An assignee was afterwards appointed and made disposition of the assets. This was a motion for a discharge under the act.

W. W. O'Brien, for bankrupt.

BLODGETT, District Judge. This discharge is asked under the last clause of the

---

[1] [District and date not given.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

twelfth section of the bankrupt act, which reads as follows: "If the debtor dies after the issuing of the warrant the proceedings may be continued and concluded in like manner as if he had lived."

It is contended on the part of the bankrupt, therefore, that, notwithstanding his death, a discharge from his debts should be granted, but on an examination of the 29th section it will be found that no discharge shall be granted to any bankrupt until he shall take and subscribe an oath to the effect that he has not done, suffered, or been privy to any act, matter, or thing specified in this act as a ground for withholding such discharge, or as invalidating such discharge if granted.

This oath never having been taken by the bankrupt prior to his decease, and that being a condition precedent to the granting of the discharge, I am of opinion that the discharge cannot be granted. There is no authority in the court to grant the discharge until this oath has been taken by the bankrupt himself. No person can take it for him. The language of the last clause of the 12th section, although very comprehensive, must therefore be taken as applying to such proceedings as may be taken by the assignee or other parties in settling the estate, as the making of dividends, and so forth.